[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY
CT Page 3539
The plaintiff has moved to disqualify the defendant Wesley Spears from acting as an attorney in this case for his codefendant, and former client, Cathy Cooper. Attorney Spears' representation of Cooper in this case is in clear violation of the Rules of Professional Conduct and for reasons more fully set forth below, the Motion to Disqualify is granted.
Attorney Spears represented Cathy Cooper in a personal injury action based on an automobile accident in which Cooper was injured. As a result of the accident, Cooper required dental services and those services were provided by the plaintiff, Gary Millinger, a dentist. In the course of his representation of Cooper, Attorney Spears allegedly issued a letter of protection to Millinger in which he guaranteed payment for Millinger's services out of proceeds of the settlement of the personal injury action.
Attorney Spears settled Cooper's personal injury action and has admitted that he never paid the plaintiff from the proceeds of that settlement. Thereafter, Millinger commenced this action against Spears and Cooper. Attorney Spears entered an appearance for himself and Cooper.
Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. Bergeron v. Mackler, 225 Conn. 391, 397 (1993);quoting Silver Chrylser Plymouth, Inc. v. Chrysler Motors Corp.,518 F.2d 751, 754 (2d Cir. 1975).
Rule 1.7b of the Rules of Professional Conduct states in relevant Part:
 A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests.
In this case Attorney Spears is attempting to represent himself and at the same time to represent a former client, Ms. Cooper. Such representation is rife with potential conflicts of CT Page 3540 interests. One such conflict has already manifested itself in the following special defense filed by Attorney Spears in this action on behalf of himself:
 Defendant Cathy Cooper received all the proceeds of the subject lawsuit and is therefore obligated to pay the reasonable value of the services rendered to Defendant, Cathy Cooper by plaintiff, if any.
By filing the foregoing special defense on behalf of himself, Attorney Spears has obviously taken a position which is diametrically opposed to the best interests of his client, Ms. Cooper. Attorney Spears has opposed the Motion to Disqualify on the grounds that it will be expensive for Cooper to obtain another lawyer. However, based on the type of representation Spears has demonstrated by filing the foregoing special defense, Cooper's interests would be better served if she had no one representing her, than if she continued to be represented by Spears.
Attorney Spears is hereby disqualified from representing Cathy Cooper in this action.
By the court,
Aurigemma, J.